UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

RURAL CARROLL,
    Plaintiff,

-vs-                                  Case No.
                                        Hon.

WELLS FARGO, BANK, N.A.,
    Defendant.

**COMPLAINT & JURY DEMAND**

*Rural Carroll states the following claims for relief:*

**Introduction**

1. Plaintiff Rural Carroll, an individual, brings this case against Wells Fargo, N.A. for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

2. In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. §227, Congressional Statement of Findings #5. In 2003, the Federal Communications Commission issued rules clarifying the prohibition on automated and prerecorded calls to cell phones.

3. The guiding principal of the TCPA is the need to protect the consumer from

automated or prerecorded telephone calls which as found by Congress, were a "greater nuisance and invasion of privacy than live solicitation calls, and that such calls can be costly and inconvenient." See *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1999,* F.C.C. 07-232, 23 F.C.C.R. 559 (Dec. 28, 2007; released Jan. 4, 2008).

## Jurisdiction

4. This Court has jurisdiction under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., and 28 U.S.C. § 1331 and § 1337.

## Parties

5. The Plaintiff to this lawsuit is Rural Carroll who resides in Muskegon County, Michigan.

6. The Defendants to this lawsuit is Wells Fargo, Bank, N.A. ("Wells Fargo") which is a corporation doing business in Michigan.

## Venue

7. The transactions and occurrences which give rise to this action occurred in Muskegon County.

8. Venue is proper in the Western District of Michigan.

## General Allegations

9. Wells Fargo uses "automatic telephone dialing system," ("ATDS') as defined

by 47 U.S.C. § 227(a)(1) and "an artificial or prerecorded voice" as described in 47 U.S.C. § (b)(1)(A) in the placement of collection calls.

10. Wells Fargo's dialing system consists of equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

11. Beginning in early 2014 Wells Fargo began calling Mr. Carroll on his cell phone to collect on a debt allegedly owed by Mr. Carroll.

12. Wells Fargo placed these calls repeatedly and continuously, often times multiple times in a day.

13. These calls were in violation Michigan Collections Practice Act, M.C.L § 445.252(n) which prohibits using a harassing, oppressive or abusive method of collection.

14. When Mr. Carroll answered the phone he was met by a long period of silence or "dead air."

15. After a period of time Wells Fargo conveyed a prerecorded message which stated words to the effect that this is Wells Fargo calling to collect a debt.

16. The use of this prerecorded voice technology in the placement of calls to Mr. Carroll was in violation of the TCPA.

17. Dead air calls are the hallmark of calls placed using automated or predictive

dialers.

18. Wells Fargo placed these calls using an ATDS in violation of the TCPA.

19. Mr. Carroll never gave Wells Fargo prior express consent to call his cell phone number.

20. The placement of unconsented calls to Mr. Carroll's cell phone using the prohibited technology under the TCPA, constitutes a harassing, oppressive or abusive method of collection, in violation of M.C.L § 445.252(n).

21. These calls caused numerous interruptions and disruptions to Mr. Carroll.

22. As a result of Wells Fargo's wrongful conduct, Mr. Carroll has suffered damages.

## COUNT I – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.* (Wells Fargo)

23. Mr. Carroll incorporates the preceding allegations by reference.

24. The foregoing acts and omissions of Wells Fargo constitute numerous and multiple violations of the TCPA, by making calls to the cell phone number of Mr. Carroll using an ATDS and artificial and/or prerecorded voice.

25. As a result of Wells Fargo's violations of 47 U.S.C § 227 *et seq.,* Mr. Carroll is entitled to statutory damages of $500.00 for each and every call in violation of the statute.

26. Alternatively, Wells Fargo willfully violated the TCPA in relation to Mr.

Carroll.

27. As a result of Wells Fargo's willful violations of the TCPA Mr. Carroll may recover treble the statutory damages ($1,500.00) for each and every call in violation of the statute.

**COUNT II–Michigan Collection Practices Act ("MCPA"), M.C.L. 445.251, *et seq*.**

28. Mr. Carroll incorporates the preceding allegations by reference.

29. Wells Fargo is a "regulated person" as defined by M.C.L. §445.251(g)(xi).

30. Mr. Carroll is a "consumer" or "debtor" as defined by M.C.L. § 445.251(d).

31. Wells Fargo's actions in attempting to collect the alleged debt owed by Mr. Carroll violated the MCPA, including, but not limited to, M.C.L. § 445.252 (n) and (q).

32. Wells Fargo's violations of the MCPA were willful.

33. Mr. Carroll has suffered damages as a result of these willful violations of the MCPA.

34. Mr. Carroll is entitled to damages and an award of costs and attorney fees.

### Demand for Jury Trial

35. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

36. *Accordingly, Mr. Carroll requests that the Court grant:*

*a.* *Statutory damages.*

*b.* *Treble damages.*

*c.* *Statutory costs and attorney fees.*

          Respectfully Submitted,

          By:  s/ Julie A. Petrik
          Julie A. Petrik (P47131)
          LYNGKLIP & ASSOCIATES
          CONSUMER LAW CENTER, PLC
          Attorney For Rural  Carroll
          24500 Northwestern Highway, Ste. 206
          Southfield, MI 48075
          (248) 208-8864
          Julie@MichiganConsumerLaw.Com

Dated: January 4, 2015